**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
BRIAN N. GILBERT,              :
                               :   Civil Action No. 06-997 (FSH)
          Plaintiff,           :
                               :
     v.                        :   OPINION
                               :
ALL-STOR SELF STORAGE,         :
                               :
          Defendant.           :
```

**APPEARANCES:**

> BRIAN N. GILBERT, Plaintiff <u>pro se</u>
> #11205
> Passaic County Jail
> 11 Marshall Street
> Paterson, New Jersey 07503

**HOCHBERG**, District Judge

Plaintiff Brian N. Gilbert ("Gilbert"), currently confined at the Passaic County Jail in Paterson, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence and current absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Gilbert's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons stated below, the Court finds that the Complaint should be dismissed in its entirety with prejudice.

## I.   BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Gilbert alleges that the defendant, All-Stor Self Storage, a private entity, allowed another private citizen, Lisa Barrett, to take valuable property belonging to plaintiff while it was stored by defendant, without plaintiff's permission.  He claims his property had sentimental value to him and was worth $10,000.00.  Gilbert seeks to recover $60,000.00 from defendant.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

---

[1] Gilbert should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g). It appears that Gilbert may have had at least one lawsuit dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, but he has not yet accrued three strikes under § 1915(g) at this time.

complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III. <u>ANALYSIS</u>

Gilbert states that he is bringing this action under 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the Complaint alleges that defendant, All-Stor Self Storage, allowed another private citizen to take property belonging to plaintiff that was stored by defendant. The defendant, however, is a private company and clearly was not acting under color of state law so as to make it liable to plaintiff under § 1983. Therefore, the defendant is not subject to § 1983 liability and any claims asserted under § 1983 must be dismissed for failure to assert a cognizable claim upon which relief may be granted.

Moreover, to the extent that Gilbert is alleging a state law tort claim against the defendant, such claim is subject to dismissal for lack of jurisdiction. Subject matter jurisdiction may be predicated on federal question jurisdiction under 28 U.S.C.§ 1331, or diversity jurisdiction under 28 U.S.C. § 1332. Here, there is no diversity of citizenship between the plaintiff, who is incarcerated in New Jersey, and the defendant, a private business entity doing business in Paterson, New Jersey. The matter in controversy also does not exceed the amount of $75,000.00. 28 U.S.C. § 1332(a). Therefore, the Court must dismiss the Complaint for lack of subject matter jurisdiction because plaintiff does not meet the statutory requirements for diversity jurisdiction.

## IV.   CONCLUSION

For all of the reasons set forth above, the Complaint must be dismissed with prejudice in its entirety as against defendant, All-Stor Self Storage, for failure to state a cognizable § 1983 claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and for lack of subject matter jurisdiction with respect to the alleged state law tort claim. An appropriate Order follows.

                                    /s/ Faith S. Hochberg
                                    United States District Judge

Dated:  March 14, 2006